```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JOANNE COX,                           :    CIVIL ACTION
                                      :    NO. 15-1768
          Plaintiff,                  :
                                      :
     v.                               :
                                      :
NANCY BERRYHILL, ACTING               :
COMMISSIONER OF SOCIAL SECURITY,      :
                                      :
          Defendant.                  :
```

**O R D E R**

**AND NOW**, this **27th** day of **June, 2017,** it is hereby

**ORDERED** that:

    (1)  Plaintiff's objections (ECF No. 21) are

**OVERRULED**;[1]

---

[1]     The Court has carefully considered Plaintiff's objections to Magistrate Judge David R. Strawbridge's Report and Recommendation ("R&R") and the Commissioner's response to the objections. There is no need to repeat the history or facts of this case as Judge Strawbridge's R&R has adequately relayed that information.

    The Court concludes that Judge Strawbridge has correctly and adequately addressed Plaintiff's arguments, and, thus, adopts his R&R. Nonetheless, reviewing the issues raised in Plaintiff's objections de novo, Cont'l Cas. Co. v. Dominick D'Andrea, Inc., 150 F.3d 245, 250 (3d Cir. 1998), the Court further concludes that:

    a.  The ALJ did not commit reversible error by finding Plaintiff's neck and right hip pain to be non-severe. As noted by Judge Strawbridge, in that the ALJ found Plaintiff's obesity and lumbar spine strain and sprain to be severe, and then considered both Plaintiff's severe and non-severe impairments during the rest of the sequential evaluation, no

error occurred. See (R&R at 8-9); Salles v. Comm'r of Soc. Sec., 229 F. App'x 140, 145 n.2 (3d Cir. 2007) ("Because the ALJ found in Salles's favor at Step Two, even if he had erroneously concluded that some of her other impairments were non-severe, any error was harmless."). Moreover, the ALJ specifically stated that Plaintiff's neck and hip issues seemed related to her severe lumbar spine impairment and that he considered them within that context. (Tr. 15). Thus, the Court finds that the ALJ adequately addressed Plaintiff's neck and hip impairments.

Plaintiff also argues that the ALJ erred by concluding that her neck and hip impairments were non-severe because there was no supporting diagnostic testing or diagnoses. However, the ALJ was correct in his analysis in that SSR 96-4p requires a severe impairment to be supported by medical signs and laboratory findings. Plaintiff further highlights that Dr. Paul Palmerio did note impressions of, inter alia, cervical and right hip strain and sprain. (Tr. 239). This is accurate. To the extent that these impressions conflicts with the ALJ's conclusion that no diagnoses supported neck and hip impairments, the Court reiterates that it finds no reversible error since the ALJ did consider Plaintiff's neck and hip issues as part of her spine impairment throughout the sequential analysis. Ultimately, Plaintiff has the burden of establishing that an impairment is severe. Bowen v. Yuckert, 482 U.S. 137, 146 (1987). Regardless of whether there was a relevant diagnosis, Plaintiff has not shown that her neck and hip impairments created any additional significant work related limitations not accounted for in the ALJ's analysis.

b. The ALJ did not err in his analysis of Plaintiff's severe obesity, nor did he fail to consider her obesity in connection with her neck and hip impairments. Again, as stated by Judge Strawbridge, the ALJ explicitly provided that he considered Plaintiff's neck and hip complaints within the context of her severe lumbar strain and sprain and that he also explicitly considered the effect of Plaintiff's obesity upon those impairments. (Tr. 15-16; R&R 11-14).

Furthermore, the ALJ's conclusion that Plaintiff's obesity by itself did not cause any work related limitations was supported by substantial evidence. Beyond merely noting her weight, no source suggested that obesity limited Plaintiff and the state agency physician opined that her obesity

2

(2) The Court **APPROVES** and **ADOPTS** Magistrate Judge David R. Strawbridge's Report and Recommendation (ECF No. 20);

(3) Plaintiff's request for review (ECF No. 11) is **DENIED**; and

(4) The Clerk of Court shall mark this case as **CLOSED**.

**AND IT IS SO ORDERED.**

/s/ Eduardo C. Robreno
**EDUARDO C. ROBRENO,    J.**

---

was mild. (Tr. 66, 202, 296); see Rutherford v. Barnhart, 399 F.3d 546, 553 (3d Cir. 2005) (providing that a generalized conclusion that a Plaintiff's weight makes it more difficult to stand, walk, and manipulate is insufficient to require a remand).

In that the ALJ did not commit a reversible error and his decision was supported by substantial evidence, Plaintiff's objections must be overruled, the R&R adopted, and the ALJ's decision affirmed.